UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| MICHAEL SHANE HUMMER | ) | Case No. 04-14016-SSM |
| | ) | Chapter 7 |
| Debtor | ) | |
| | ) | |
| COMMISSION EXPRESS, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 04-1365 |
| | ) | |
| MICHAEL SHANE HUMMER | ) | |
| | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR NEW TRIAL**

This matter is before the court on the defendant's motion for a new trial. A hearing was held on May 16, 2006. The plaintiff was present by counsel. The defendant did not appear when the motion was called, and the court passed the matter for approximately a half-hour. When the defendant still had not arrived, the court, relying on the papers, ruled that the motion would be denied. The defendant, who is not represented by counsel, arrived after the plaintiff's attorney had left. The court briefly explained to the defendant the reasons for the ruling and advised him of his right to appeal the denial of the motion.

1

Background

This is an action to determine the dischargeability of a debt. The defendant, Michael Shane Hummer, filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in this court on September 23, 2004, and received a discharge of his dischargeable debts on January 1, 2005. The plaintiff, Commission Express, Inc., filed a timely complaint to determine that its claim against Mr. Hummer was excluded from discharge under 11 U.S.C. § 523(a)(2). The plaintiff is in the business of purchasing commissions owed to real estate agents. The complaint alleged that Commission Express purchased for $23,696 a commission owed to Mr. Hummer on a pending transaction in reliance on his certification that he held a $32,050 deposit from the buyer in the form of "cash or its equivalent." There is no dispute that Mr. Hummer did not hold a cash deposit. Instead, the deposit was in the form of an unsecured promissory note. The transaction did not close, no commission was paid, and Commission Express was out of pocket the amount it had advanced. In his answer and subsequent motion to dismiss, Mr. Hummer asserted that he was not guilty of misrepresentation because, in his view, a promissory note was the "equivalent" of cash.

Mr. Hummer did not appear at the scheduled pretrial conference on May 9, 2005, at which a trial date was set for July 22, 2005. The court wrote Mr. Hummer a letter on May 10, 2005, notifying him of the trial date. Mr. Hummer neither appeared for the trial nor requested a continuance. After hearing the testimony of Commission Express's president and considering the exhibits offered into evidence, the court entered a nondischargeable judgment for Commission Express that same day in the amount of $26,396.00 plus

$4,260.00 in pre-judgment interest and $6,172 in attorney's fees.  No appeal was taken, nor was a timely motion for a new trial filed.

In January 2006, Mr. Hummer filed a motion for a new trial but did not serve it on Commission Express or notice it for a hearing.  The court wrote Mr. Hummer a letter stating that his motion could not be considered unless it was properly served and noticed for a hearing.  Mr. Hummer waited approximately three months before filing, on April 20, 2006, the motion that is presently before the court requesting a new trial on the ground that Mr. Hummer was unable to appear at the trial because he was incarcerated on that date. Attached to his motion is a copy of a Virginia Department of Corrections "Uniform Commitment Report" reflecting that he was confined in the Adult Detention Center, Lynchburg, Virginia, from July 8 to August 4, 2005.

## Discussion

Within ten days after entry of a judgment in an adversary proceeding, a party may move for a new trial or may appeal.  Fed.R.Bankr.P. 9023; Fed.R.Civ.P. 52(a)-(b); Fed.R.Bankr.P. 8002(a).  The time for filing a motion for new trial cannot be enlarged. Fed.R.Bankr.P. 9006(b)(2).  The time for filing a notice of appeal may be enlarged, but only if the motion is filed no later than 30 days after entry of the order.  Fed.R.Bankr.P. 8002(c).

In the absence of a timely motion for new trial or a timely notice of appeal, the only avenue for attacking the judgment is by a motion for relief under Rule 9024, Federal Rules of Bankruptcy Procedure, which incorporates Rule 60, Federal Rules of Civil Procedure. Rule 60(b) allows a party to obtain relief from a judgment on several grounds, including mistake, inadvertance, or excusable neglect; newly-discovered evidence; fraud on the court;

lack of jurisdiction; and "any other reason" justifying relief from the judgment. A party seeking relief from a judgment under Rule 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm & Casualty Automobile Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). In the present case, at least two of those elements are missing. First, Mr. Hummer has not made a threshold showing that he has a meritorious defense. The only defense articulated in his pleadings is that he could not be found liable for deceit because, as a matter of law, a promissory note is the "equivalent" of cash. This is simply not true. Second, "exceptional circumstances" do not ordinarily include unavailability for trial resulting from one's own misconduct, such as a jail sentence imposed upon conviction for a criminal or serious traffic offense. For that reason, the court declines to set aside the judgment and to grant a new trial under Rule 9024.

O R D E R

For the reasons stated, it is

**ORDERED:**

1. The motion for new trial, which the court treats as a motion under Federal Rule of Bankruptcy Procedure 9024 for relief from the judgment entered in this adversary proceeding on July 22, 2005, is denied.

2. Mr. Hummer is advised that an appeal lies from this order to the United States District Court for the Eastern District of Virginia. Except as provided in Rule 8002(b) and (c), Federal Rules of Bankruptcy Procedure, any notice of appeal must be filed with the

clerk of this court within **10 days** of the entry of this order.  The filing fee for a notice of appeal is $255.00.

       3.  The clerk will mail a copy of this order, or give electronic notice of its entry, to the parties listed below.

Date: _____         _____
                                                          Stephen S. Mitchell
Alexandria, Virginia                               United States Bankruptcy Judge

Copies to:

Michael Shane Hummer
P. O. Box 650038
Sterling, VA   20165
Defendant *pro se*

Joseph F. Jackson, Esquire
8270 Greensboro Drive, Suite 700
McLean, VA   22102
Counsel for the plaintiff